**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **STANLEY E. KORNAFEL,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 20-CV-4503** |
| | : | |
| **U.S. POSTAL SERVICE/UNITED** | : | |
| **STATES OF AMERICA,** | : | |
| **Defendant.** | : | |

<u>**MEMORANDUM**</u>

**JONES, J.**                                                            **SEPTEMBER 18, 2020**

*Pro se* Plaintiff Stanley E. Kornafel has filed yet another *pro se* Complaint against the United States Postal Service. Kornafel has not paid the filing fee for this case nor moved to proceed *in forma paupers*. Because Kornafel's Complaint is malicious, it will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Because Kornafel has repeatedly filed the same claim against the U.S. Postal Service, he will be ordered to show cause why a pre-filing injunction should not be imposed upon him.

**I.**      **FACTS**

Although Kornafel's Complaint is rambling and consists mainly of statutory and constitutional citations, as well as conclusory and nonsensical statements, the gist of his claim again appears to arise out of an automobile accident with a postal vehicle in 1992 and subsequent litigation. He makes assorted allegations relating to the processing of his claim through administrative channels, the agreement of a settlement of the claim, the adjudicating of his claim in federal court, and alleged unconstitutional and fraudulent conduct on the part of the United States Postal Service and the United States Government.

Kornafel has sued the United States Postal Service and the United States Government over this incident many times. *See Kornafel v. U.S. Postal Serv.*, Civ. A. No. 19-2292 (ECF No. 4 at 4-5 (warning Kornafel that continuing to litigate claims previously dismissed with prejudice would lead to the imposition of a pre-filing injunction) ("the Year 2019 Opinion"); *Kornafel v. U.S. Postal Serv.*, Civ. A. No. 99-6416, 2000 WL 116072, at *2 (E.D. Pa. Jan. 31, 2000) (setting forth litigation history between these parties between 1992 and 2000) ("the Year 2000 Opinion"); *Kornafel v. United States*, Civ. A. No. 00-3250; *Kornafel v. U.S. Government*, Civ. A. No. 95-6670; *Kornafel v. U.S. Government*, Civ. A. No. 96-7436. As recounted in the Year 2019 Opinion, Judge Buckwalter noted as early as the Year 2000 Opinion that Kornafel claimed

> in this and every prior action relevant to the March 11, 1992 motor vehicle accident, Defendant "abused process and used deceit and overpowering conduct" resulting in "no fair play" but rather despotism. Plaintiff further contends that "the defendant being the federal government and the judges of the federal court being of the federal government a state of bias or discrimination," through "deceitful, oppressive and coercive actions and perjurious statements" denied him "equal justice and fairness for remedy."

*Id.* at *2. The allegations Kornafel makes in the current Complaint are similar, alluding to unfairness, deceit, fraud, misuse of authority, and abuse of process. (*See, e.g.*, ECF No. 1 at 5-9.)[1]

## II.   STANDARD OF REVIEW

Until recently, this Court would have been precluded from addressing a plaintiff's pleadings unless and until the plaintiff either paid the filing fee or was granted leave to proceed *in forma pauperis*. *See, e.g.*, *Francis v. State of N.J. Office of Law Guardian*, 289 F. App'x 472, 474 (3d Cir. 2008) (per curiam) (explaining that district court erred in addressing complaint before IFP was granted, because the "complaint was not yet subject to dismissal"); *Urrutia v.*

---

[1] The Court adopts the pagination assigned by the CM/ECF docketing system.

*Harrisburg Cty. Police Dep't*, 91 F.3d 451, 458 & n.13 (3d Cir. 1996) (explaining that an action commences when a plaintiff pays the fees or following a determination that the litigant is entitled to *in forma pauperis*).  However, in *Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019) (en banc), the United States Court of Appeals for the Third Circuit recently announced a "flexible approach" that permits the screening of complaints filed by pro se litigants pursuant 28 U.S.C. § 1915, even if no fee has been paid and no request to proceed *in forma pauperis* has been filed. *Id.* ("we hold that a court has the authority to dismiss a case "at any time," 28 U.S.C. § 1915(e)(2), regardless of the status of a filing fee; that is, a court has the discretion to consider the merits of a case and evaluate an IFP application in either order or even simultaneously."  This process, the *Brown* court noted, "permits courts to move early to screen complaints in order to conserve judicial resources and 'the resources of defendants forced to respond to baseless lawsuits.'"  *Id.* (quoting *Buchheit v. Green*, 705 F.3d 1157, 1161 (10th Cir. 2012)).

Section 1915(e)(2)(B)(i) requires the Court to dismiss the Complaint if it is frivolous or malicious.  "A court that considers whether an action is malicious must, in accordance with the definition of the term 'malicious,' engage in a subjective inquiry into the litigant's motivations at the time of the filing of the lawsuit to determine whether the action is an attempt to vex, injure or harass the defendant."  *Deutsch v. United States*, 67 F.3d 1080, 1086 (3d Cir. 1995).  In that regard, "a district court may dismiss a complaint as malicious if it is plainly abusive of the judicial process or merely repeats pending or previously litigated claims."  *Brodzki v. CBS Sports*, Civ. A. No. 11-841, 2012 WL 125281, at *1 (D. Del. Jan. 13, 2012).  As Kornafel is proceeding *pro se*, the Court construes her allegations liberally.  *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III.    DISCUSSION

In the Year 2000 Opinion, Judge Buckwalter noted that, in connection with a *pro se* lawsuit Kornafel filed, and for which counsel was later retained, an Order entered on July 13, 1995, dismissed Kornafel's claims involving the postal vehicle accident with prejudice after the parties reported that the case had been settled. *Id.*, at *3. That Order was never challenged on appeal, but Kornafel filed a new cause of action on October 19, 1995, asserting constitutional and common law claims arising from the motor vehicle accident. *Id.* On January 2, 1996, that action was dismissed upon the representation by the government that it would pay the full amount of the property damages claimed in Kornafel's administrative claim form. *Id.* Kornafel, however, continued to file lawsuits about the accident, including the case in which Judge Buckwalter authored the Year 2000 Opinion. He determined:

> The Order dated July 13, 1995 dismissing that action precludes Plaintiff from bringing the instant action, for the case at bar arises from the same accident and is based on the same underlying facts. Furthermore, Plaintiff has not raised any new claims, nor has he introduced a new party to the action. It is important that Plaintiff never challenged or appealed July 13, 1995 Order. Moreover, the court's subsequent Orders dated January 23, 1996 and February 26, 1997 both dismissed similar claims against Defendants within this action. Therefore, Plaintiff is precluded from bringing this most recent cause of action based on the doctrine of *res judicata*. The decisions on the merits in these previous cases bars Plaintiff from bringing this action, which is based on the same underlying facts as the previous actions and raises issues which were, or could have been, raised in the previous lawsuits. *See Schuylkill Skyport Inn, Inc., et al. v. Rich, et al.*, 1996 WL 502280 (E.D. Pa. August 21, 1996), *5 ("Both federal and Pennsylvania courts have held that a dismissal with prejudice is considered a judgment on the merits for claim preclusion purposes.") (*see also, Gambocz v. Yelencsics*, 468 F.2d 837, 841 (3d Cir. 1972) ("res judicata bars relitigation of the claims dismissed in the prior suit") (citations omitted))). Pennsylvania law makes it clear that settlements between two parties has a *res judicata* effect. *Keystone Bldg. Corp. v. Lincoln Sav. & Loan Ass'n*, 360 A.2d 191, 194 (Pa. 1976) ("[I]t is well settled, as a general proposition, that a judgment or decree, though entered by consent or agreement of the parties, is res judicata to the same extent as if entered after contest.") (citation omitted).

*Id.*, at *3.

4

In the Year 2019 Opinion, this history of malicious and repetitious litigation was recited and Kornafel's Complaint, that again raised the same claims against the same Defendants that were previously dismissed, was deemed "plainly abusive of the judicial process" and dismissed as "barred by *res judicata*, frivolous and malicious." Year 2019 Opinion at 4. Additionally, the claims were found to be untimely. In the Conclusion of the Year 2019 Opinion, Kornafel was warned "that further filing of cases raising claims that have already been finally adjudicated may lead to the Court imposing filing restrictions upon him." *Id*. at 4-5.

Because Kornafel has again raised the same, time-barred claim against the same Defendant, this case is likewise dismissed for reasons stated in the Year 2019 Opinion as plainly abusive of the judicial process. Having warned Kornafel that another instance of maliciously filing the same case would result in the imposition of a pre-filing injunction, the attached Order

of dismissal also requires Kornafel to show cause why an injunction should not be imposed.[2]

**BY THE COURT:**

**/s/ C. Darnell Jones, II**
**C. Darnell Jones, II  J.**

---

[2] Pursuant to the All Writs Act, 28 U.S.C. § 1651(a), a district court may enjoin "abusive, groundless, and vexatious litigation." *Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir. 1993); *see also In re Oliver*, 682 F.2d 443, 445 (3d Cir. 1982). The "broad scope" of this power is limited by "two fundamental tenets of our legal system — the litigant's rights to due process and access to the courts." *Brow*, 994 F.2d at 1038. The Third Circuit has held that district courts "must comply with the following requirements when issuing such prohibitive injunctive orders against pro se litigants." *Id.* First, the Court should not restrict a litigant from filing claims "absent exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions." *Id.*; *see also Matter of Packer Ave. Assoc.*, 884 F.2d 745, 747 (3d Cir. 1989). Second, the Court "must give notice to the litigant to show cause why the proposed injunctive relief should not issue." *Brow*, 994 F.2d at 1038; *see also Gagliardi v. McWilliams*, 834 F.2d 81, 83 (3d Cir. 1987). Third, the scope of the injunctive order "must be narrowly tailored to fit the particular circumstances of the case before the [ ] Court." *Brow*, 944 F.2d at 1038; *see also Chipps v. United States Dist. Ct. for the Middle Dist. of Pa.*, 882 F.2d 72, 73 (3d Cir. 1989).

The recitation of Kornafel's prior litigation history here, in the Year 2019 Opinion, and in the Year 2000 Opinion, provides the basis for finding he has been an abusive litigant. The Order the Court enters herewith provides the notice required by *Brow*. The injunction, if entered, will be narrowly tailored to apply only to a new case where the factual basis is similar to those of Kornafel's prior, dismissed lawsuits.