IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STANLEY E. KORNAFEL,<br>    Plaintiff,<br><br>    v.<br><br>U.S. POSTAL SERVICE/UNITED<br>STATES OF AMERICA,<br>    Defendant. | :<br>:<br>:<br>:   CIVIL ACTION NO. 20-CV-4503<br>:<br>:<br>:<br>: |

**MEMORANDUM**

**JONES, J.**                                                                                            **OCTOBER 5, 2020**

*Pro se* Plaintiff Stanley E. Kornafel has filed a Response (ECF No. 5) to the Court's Order directing him to show cause why a pre-filing injunction should not be imposed against him based on his prior conduct of submitting frivolous and malicious lawsuits against the United States Postal Service and United States Government.  For the following reasons, the Court will impose the pre-filing injunction.

Kornafel has sued the United States Postal Service and the United States Government numerous times over the litigation and settlement of a claim involving an automobile accident with a postal vehicle in 1992.  *See Kornafel v. U.S. Postal Serv.*, Civ. A. No. 19-2292 (E.D. Pa.) (ECF No. 4 at 4-5 (warning Kornafel that continuing to litigate claims previously dismissed with prejudice would lead to the imposition of a pre-filing injunction) ("the Year 2019 Opinion")); *Kornafel v. U.S. Postal Serv.*, Civ. A. No. 99-6416, 2000 WL 116072, at *2 (E.D. Pa. Jan. 31, 2000) (setting forth litigation history between these parties between 1992 and 2000) ("the Year 2000 Opinion"); *see also Kornafel v. United States*, Civ. A. No. 00-3250 (E.D. Pa.); *Kornafel v. U.S. Government*, Civ. A. No. 96-7436 (E.D. Pa.); *Kornafel v. U.S. Government*, Civ. A. No. 95-

6670 (E.D. Pa.). As recounted in the Year 2019 Opinion, Judge Buckwalter noted as early as the Year 2000 Opinion that Kornafel claimed

> in this and every prior action relevant to the March 11, 1992 motor vehicle accident, Defendant "abused process and used deceit and overpowering conduct" resulting in "no fair play" but rather despotism. Plaintiff further contends that "the defendant being the federal government and the judges of the federal court being of the federal government a state of bias or discrimination," through "deceitful, oppressive and coercive actions and perjurious statements" denied him "equal justice and fairness for remedy."

*Id.* at *2. The allegations Kornafel made in his most recent Complaint in this case are similar, alluding to unfairness, deceit, fraud, misuse of authority, and abuse of process. (*See, e.g.*, ECF No. 1 at 5-9.)[1] Because these allegations had been adjudicated in his prior cases and those decisions constitute *res judicata* of the claims, the Court dismissed the case pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as malicious and ordered Kornafel to show cause while a pre-filing injunction should not be imposed.

Pursuant to the All Writs Act, 28 U.S.C. § 1651(a), a district court may enjoin "abusive, groundless, and vexatious litigation." *Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir. 1993); *see also In re Oliver*, 682 F.2d 443, 445 (3d Cir. 1982). The "broad scope" of this power is limited by "two fundamental tenets of our legal system — the litigant's rights to due process and access to the courts." *Brow*, 994 F.2d at 1038. The Third Circuit has held that district courts "must comply with the following requirements when issuing such prohibitive injunctive orders against pro se litigants." *Id.* First, the Court should not restrict a litigant from filing claims "absent exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions." *Id.*; *see also Matter of Packer Ave. Assoc.*, 884 F.2d 745, 747 (3d Cir. 1989). Second, the Court "must give notice to the litigant to show cause why the

---

[1] The Court adopts the pagination assigned by the CM/ECF docketing system.

proposed injunctive relief should not issue." *Brow*, 994 F.2d at 1038; *see also Gagliardi v. McWilliams*, 834 F.2d 81, 83 (3d Cir. 1987).  Third, the scope of the injunctive order "must be narrowly tailored to fit the particular circumstances of the case before the [ ] Court."  *Brow*, 944 F.2d at 1038; *see also Chipps v. United States Dist. Ct. for the Middle Dist. of Pa.*, 882 F.2d 72, 73 (3d Cir. 1989).

The recitation of Kornafel's prior litigation history here, in the Year 2019 Opinion, and in the Year 2000 Opinion, provides the basis for finding he has been an abusive litigant.  Kornafel's Response to the Show Cause Order is nothing more than a list of case citations and another iteration of his previously dismissed allegations against the United States Postal Service and the United States Government, *i.e.*, that the litigation of his accident claim was a fraudulent scheme.  He fails to address the reasons why the Court ordered him to show cause and his Response is indicative of his failure to understand that, once claims are adjudicated to finality, they may not be raised again.

Having repeatedly warned Kornafel that further instances of maliciously filing the same case would result in the imposition of a pre-filing injunction, and having provided him the notice and opportunity to respond required by *Brow*, the attached Order enjoins Kornafel from filing any further civil actions concerning the identical, untimely allegations he has raised in this case as well as *Kornafel v. U.S. Postal Serv.*, Civ. A. No. 19-2292; *Kornafel v. U.S. Postal Serv.*, Civ. A. No. 99-6416; *Kornafel v. United States*, Civ. A. No. 00-3250; *Kornafel v. U.S. Government*, Civ. A. No. 96-7436; and *Kornafel v. U.S. Government*, Civ. A. No. 95-6670; namely that the litigation and settlement of a March 11, 1992 motor vehicle accident involving a postal service

3

vehicle resulted in an abuse of process, deceit, bias, and other irregularities.  An appropriate Order follows.

        **BY THE COURT:**

        */s/* **C. Darnell Jones, II**
        **C. DARNELL JONES, II, J.**